**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0200n.06
Filed: March 13, 2009

No. 08-1434

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **FRANK VEGEL; MARIA VEGEL**, | ) | |
| | ) | |
| *Plaintiffs-Appellants*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LANG AND ASSOCIATES; FOSTER FINISH**, | ) | |
| | ) | ON APPEAL FROM THE |
| Defendants, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| and | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **DOUGALL DESIGN ASSOCIATES, INCORPORATED; FBK ASSOCIATES, INCORPORATED**, | ) | **O P I N I O N** |
| | ) | |
| | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | |

BEFORE:    KEITH, COLE, and McKEAGUE, Circuit Judges.

**COLE, Circuit Judge.**  In this diversity action under Michigan law, appellants Frank and Maria Vegel (the "Vegels") sued several entities for negligence allegedly resulting in a personal injury to Frank Vegel. Appellee Dougall Design Associates ("Dougall Design") was not an initial defendant but was identified by another defendant, pursuant to section 600.2957(2) of the Michigan Compiled Laws, as a non-party potentially at fault. Accordingly, approximately five years after Frank Vegel was injured, the Vegels amended their complaint to name Dougall Design as a defendant. Dougall Design moved for summary judgment, claiming that the suit was barred by

Michigan's three-year statute of limitations for personal-injury actions. *See* Mich. Comp. Laws § 600.5805(10). The district court granted the motion.

We review a grant of summary judgment de novo. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006). The moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We view factual evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir. 2006). Summary judgment is not appropriate if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 251-52.

The Vegels contend that the action should have been governed by the six-year statute of limitations applicable to architects, professional engineers, and contractors in certain cases involving harm caused by "improvements to real property." *See* Mich. Comp. Laws § 600.5839(1). Alternatively, the Vegels argue that their claims against Dougall Design related back to the date of their original complaint under Federal Rule of Civil Procedure 15, or that if the three-year statute of limitations applies, it was extended by virtue of section 600.2957(2) of the Michigan Compiled Laws.

After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court was correct in its conclusion that Dougall Design was entitled to summary judgment. As the district court's opinion correctly sets out the law governing the issues raised and

No. 08-1434
*Vegel v. Dougall Design Assocs.*

clearly articulates the reasons underlying its decision, issuance of a full written opinion by this Court would serve no useful purpose. Accordingly, for the reasons stated in the district court's memorandum opinion and order dated November 20, 2007, we **AFFIRM**.